SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAR 07 2011
J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| DISABILITY RIGHTS MISSISSIPPI, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FORREST COUNTY, MISSISSIPPI, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:11cv53KS-MTP |

## DISABILITY RIGHTS MISSISSIPPI'S COMPLAINT
## FOR INJUNCTIVE AND DECLARATORY RELIEF

This civil action seeks to protect children imprisoned in the Forrest County Juvenile Detention Center ("Detention Center") from harm and to enforce their rights to an effective, meaningful Protection and Advocacy System ("P & A"). Recently released video footage documents in graphic detail the abuse suffered by the children detained in the detention centers. The video—which was widely broadcast in the local media—shows staff members beating children and slamming them into walls. One staff member punched a youth repeatedly in the face, slammed him on the ground and continued to beat him as the child lay helpless on the ground. Another staff placed on child on his bed, and while the youth laid on his back, the staff member punched and slapped the youth. One youth was hogtied—laid on his stomach with his hands and legs tied to together behind his back—and left alone in a dark room. Girls are punished by being stripped naked, forced into a paper gown, isolated in cold cells and denied access to personal hygiene products. In addition to the physical abuse, for up to 23 hours a day, youth are frequently locked in filthy cells that reek of human waste. The abusive conditions are verified by numerous sources, including statements from over 30 youth who have been detained in the facility and

reports from the Mississippi Department of Public Safety's Juvenile Facilities Monitoring Unit, and photographs of the facility. *See Exhibit A*

1. Plaintiff DRMS is a non-profit agency with a federal mandate to protect the rights of individuals with disabilities. In order to ensure that DRMS can provide effective protection and advocacy services, federal law requires that juvenile detention centers provide DRMS with access to residents, facilities and records. DRMS has made considerable efforts in Forrest County to exercise its access rights without resorting to litigation, in the hopes of collaborating with the County to correct the unlawful conditions in the Juvenile Detention Center. Unfortunately, county officials have barred DRMS from providing protection and advocacy services to the children imprisoned in the Juvenile Detention Center. The County's failure to comply with federal law leaves Plaintiff DRMS with no choice but to seek declaratory and preliminary and permanent injunctive relief to prevent Defendant from denying DRMS its rights to complete, timely and unaccompanied access to the Juvenile Detention Center, its staff, records and youthful residents.

## JURISDICTION AND VENUE

2. Plaintiff's cause of action arises under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§ 10801 *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. §§ 15001 *et seq.*; the Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C. §§ 794e *et seq.* (these three laws are hereafter collectively referred to as "The P & A Acts"); and 42 U.S.C. § 1983. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b). Defendant resides in this district, and the events and omissions complained of occurred in this district.

## PARTIES

4. Plaintiff Disability Rights Mississippi ("DRMS") is a nonprofit organization with a federal mandate to protect and advocate for the rights of persons with disabilities in Mississippi. Federal law extends this mandate to children with disabilities who are confined to juvenile detention centers. Through a contracted agent, DRMS devotes significant resources to investigating conditions of confinement and advocating on behalf of youth housed in juvenile facilities across the state of Mississippi. DRMS and its contracted agent, the Southern Poverty Law Center, have made considerable efforts to gain access to the children with disabilities who are confined in the Juvenile Detention Center in Forrest County and have been denied this access by the Defendant.[1] DRMS recently changed its name from Mississippi Protection and Advocacy Services, Inc. to Disability Rights Mississippi. Incorporated in 1976, DRMS has over thirty years experience protecting the rights of children with disabilities throughout the state of Mississippi. DRMS files this complaint in its own name to redress injuries to itself and to the children DRMS is mandated to serve.

5. Defendant Forrest County is the governmental entity with responsibility to "establish and maintain detention facilities, shelter facilities,...or any other facility necessary to carry on the work of the youth court." Miss. Code Ann. § 43-21-19. Forrest County is the entity with ultimate responsibility to secure and protect the rights of children held in the Juvenile Detention Center.

---

[1] Federal law permits DRMS to designate agents with whom it contracts to assist in carrying out its responsibilities under federal law. 42 U.S.C. § 10804(a)(1)(A-B); 42 C.F.R. § 51.42(a). Pursuant to this authority, DRMS has contracted with the Mississippi Youth Justice Project (MYJP) to conduct monitoring activities in juvenile justice and mental health facilities throughout the state of Mississippi. When conducting monitoring under the P & A Acts, MYJP is an agent of DRMS and thus has the same access authority under federal law. See Exhibit B (Memorandum of Cooperation between MYJP and DRMS).

## STATEMENT OF FACTS

6. The Forrest County Juvenile Detention Center is a 46-bed facility that holds children awaiting adjudication and disposition by the Forrest County Youth Court. It may also house youth for up to 90 days as a post-adjudication disposition. Miss. Code Ann. § 43-21-605(1)(k).

7. DRMS has probable cause to conclude that children detained in the Juvenile Detention Center live in abusive and unlawful conditions. The illegal conditions in the Juvenile Detention Center include dangerous and unsanitary living quarters, physical abuse, excessive use of restraints, overcrowding, excessive cell confinement, a lack of educational services, and inadequate mental health treatment. These accounts have been confirmed by multiple reports, including the media, and reports from the Mississippi Juvenile Facilities Monitoring Unit. Based on these reports, DRMS has probable cause to believe that youth detained in the live in abusive conditions.

8. Federal law requires that the County provide DRMS with access to the Juvenile Detention Center so that DRMS can protect the rights of the youth that it is mandated to serve. By denying DRMS access to the Juvenile Detention Center and its facilities, staff and detained youth, the Defendant has denied DRMS the right to exercise its federal authority and has denied children with disabilities detained at the Juvenile Detention Center their right to access DRMS's protection and advocacy services.

### Plaintiff DRMS's Access Authority

9. Congress established Protection and Advocacy ("P & A") systems in 1975 to protect and advocate for the rights of persons with developmental disabilities, and reauthorized these systems in the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"). 42 U.S.C. §§ 15001 *et seq.* Congress provided P & A systems with the authority to

investigate incidents of abuse and neglect against individuals with developmental disabilities and pursue legal, administrative, and other remedies on their behalf. 42 U.S.C. § 15043(a). Congress has expanded the scope of the P & A system to provide protection and advocacy services to all persons with disabilities. The Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act") provides for the protection of rights of individuals with mental illness, 42 U.S.C. §§ 10801 *et seq.*; and the Protection and Advocacy of Individual Rights Program ("PAIR Act") was created to protect the rights of all other individuals with disabilities who are not covered under the PADD and PAIMI Acts. 29 U.S.C. §§ 794e *et seq.*

10. Pursuant to federal law, DRMS has rights to:

   a. reasonable unaccompanied access, for monitoring and investigatory purposes, to public and private areas of the detention facility in the Juvenile Center, 42 C.F.R. § 51.42(b); 42 C.F.R. § 51.42(c); 45 C.F.R. § 1386.22(f); 45 C.F.R. § 1386.22(g);

   b. interview facility service recipients, staff and other persons as part of an abuse and neglect investigation when DRMS determines it has probable cause to believe an incident has occurred, 42 C.F.R. § 51.42(b);

   c. provide information and training on individual rights and services provided by the P & A system, 42 C.F.R. § 51.42(c); 45 C.F.R. § 1386.22(g);

   d. communicate privately with facility residents, 42 C.F.R. § 51.42(d); 45 C.F.R. § 1386.22(h);

   e. access to records of facility residents, 42 C.F.R. § 51.41; 45 C.F.R. § 1386.22(a)-(e); and

   f. access to facility incident reports and investigatory findings, 42 C.F.R. § 51.41(c)(2); 45 C.F.R. § 1386.22(b)(1)-(2).

11. Because Mississippi receives federal funding under the P & A Acts, the state must have an effective P & A system. DRMS is the designated Mississippi P & A System. (*See Mississippi Protection & Advocacy v. Cotten*, 929 F.2d 1054, 1055-56 (5th Cir. 1991). Federal

law permits DRMS to designate agents with whom it contracts to assist in carrying out its responsibilities under federal law. 42 U.S.C. § 10804(a)(1)(A-B); 42 C.F.R. § 51.42(a).

12. To effectuate the Congressional mandate to protect and advocate for the rights of individuals with disabilities, the P & A Acts require that a P & A system and its authorized agents have physical access to individuals with disabilities, access to individuals' records, and physical access to the facilities housing these individuals. 42 U.S.C. § 15043(a)(2)(H)-(J); 42 U.S.C. § 10805(a)(3)-(4); 45 C.F.R. § 1386.22; 42 C.F.R. § 51.42(a)-(c). This access includes the right "to meet and communicate privately" with residents "both formally and informally, by telephone, mail and in person." 45 C.F.R. § 1386.22(h); 42 C.F.R. § 51.42(d).

13. Under the PAIMI Act, "any public or private residential setting that provides overnight care accompanied by treatment services" is a facility that a P & A is authorized to access and monitor. These "[f]acilities include… juvenile detention facilities." 42 C.F.R. § 51.2. *See also* 45 C.F.R. § 1386.19 (specifying that facilities covered under the PADD Act include juvenile detention facilities).

14. The detention center at the Forrest County Juvenile Detention Center is a covered "facility" as defined under the PAIMI Act and the PADD Act. 42 U.S.C. § 10802(3); 42 C.F.R. 51.2; 45 C.F.R. § 1386.19.

15. Under the P & A Acts, Congress designated two distinct bases for access to facilities and residents: (1) access for the purpose of investigating allegations of abuse and/or neglect, 42 U.S.C. § 15043(a)(2)(B), 42 U.S.C. § 10805(a)(1)(A), 45 C.F.R. § 1386.22(f), 42 C.F.R. § 51.42(b); and (2) access for the purpose of monitoring the facility and the treatment of its residents, 42 U.S.C. § 15043(a)(2)(H), 42 U.S.C. § 10805(a)(3), 45 C.F.R. § 1386.22(g), 42 C.F.R. § 51.42(c).

16. To carry out its mandate to investigate incidents of abuse and neglect, DRMS is entitled to "reasonable unaccompanied access . . . to all areas of the facility which are used by residents or are accessible to residents . . . [and] shall have reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect." 42 C.F.R. § 51.42(b). *See also* 45 C.F.R. § 1386.22(f).

17. To carry out its monitoring duties, DRMS is entitled to reasonable unaccompanied access to all residents of a facility at reasonable times to provide P & A services and contact information, rights information, monitor compliance with respect to the rights and safety of service recipients, and to view and photograph all areas of the facility which are used by residents or are accessible to residents. 42 C.F.R. § 51.42(c); 45 C.F.R. § 1386.22(g).

18. The PAIMI Act states that DRMS has the right of access to all residents of a facility "despite the existence of any State or local laws or regulations that restrict informal access to minors and adults with legal guardians or conservators." 42 C.F.R. § 51.42(e).

19. The PAIMI and PADD Acts provide DRMS with access to records of individuals who are in the custody of the state and with respect to whom a complaint has been received by DRMS or with respect to whom there is probable cause to believe that such individual has been subjected to abuse or neglect. 42 C.F.R. § 51.41(b)(2)(ii)-(iii); 45 C.F.R. § 1386.22(a)(2)(ii)-(iii).

20. The PAIMI regulations also require the Defendant to provide DRMS:

> Reports prepared by an agency charged with investigating abuse, neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself, that describe any or all of the following: (i) Abuse, neglect, or injury occurring at the facility; (ii) The steps taken to investigate the incidents; (iii) Reports and records, including personnel records, prepared or maintained by the facility, in connection with such reports of incidents; or (iv) Supporting information that was relied upon in creating a report, including all information and records used or reviewed in preparing reports of abuse, neglect or injury such

as records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings. 42 C.F.R. § 51.41(c)(2).

21. The access provisions of the P & A Acts are interrelated and it is clear that Congress intended for the provisions to be applied in a consistent manner, and the PAIR Act expressly incorporates by reference, at 29 U.S.C. § 794e(f), the authority regarding access to facilities and records set forth in the PADD Act.

22. To the extent Mississippi state law protects the identities of minors and requires parental consent, this confidentiality is preempted by federal authority to monitor these facilities. 42 C.F.R. § 51.42(e).

23. Moreover, federal courts have widely recognized that a P&A is "the final arbiter of probable cause" for the purpose of investigating abuse or neglect. *See Arizona Ctr. For Disability Law v. Allen*, 197 F.R.D. 689, 693 (D. Ariz. 2000); *see also Office of Prot. & Advocacy for Persons with Disabilities v. Armstrong*, 266 F. Supp. 2d 303, 321-22 (D. Conn. 2003) (holding that P&A is entitled to make its probable cause determination independent of any other agency or third party review).

## Denial of Access

24. In the wake of media reports of wide spread abuse inside the facility, Plaintiff DRMS asserted its access authority in January 2011. As a courtesy, DRMS gave County Officials advance notice of the date and time of the proposed visit. DRMS even went so far as to reschedule the visit once at the request of County Officials. Eventually, the parties agreed that DRMS could conduct a monitoring visit on January 28, 2011.

25. DRMS agents Jody Owens II, Corrie Cockrell, and Jed Oppenheim arrived at the Forrest County Juvenile Detention Center to conduct monitoring and investigation activities as required by the P & A Acts. Upon their arrival at the Juvenile Detention Center, Detention Center

Director Chris Selman informed them that they were not allowed to speak to any of the children detained in the facility.

26. On March 1, 2010 DRMS sent the Defendant a letter requesting clarification of the policies regarding DRMS access to the juvenile detention center. *Exhibit C Correspondences between DRMS agents and representatives of the Detention Center.* The Defendant's counsel responded by claiming that the Forrest County Youth Court Judge would have to be consulted before DRMS could exercise its access authority.

27. In follow-up March 3, 2011 letter, Defendant's counsel described Forrest County's unlawful access policy requires DRMS to petition the youth court before it can conduct its federally mandated monitoring. See also *Exhibit C*.

28. As detailed above, Defendant's refusal to allow DRMS to exercise its Congressionally-mandated duties of protecting and advocating for the youth held at the Juvenile Detention Center, and has deprived these children of their rights to DRMS's services.

## CAUSES OF ACTION

29. Plaintiff incorporates by reference all of the above factual allegations to support the following claim.

30. The policies, procedures, regulations, practices and customs of the Defendant violate and continue to violate the rights of the Plaintiff DRMS to full, complete, timely and meaningful access to the Detention Center, staff, residents and their records, in violation of the PAIMI, PADD and PAIR Acts, and under color of law in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## NECESSITY FOR INJUNCTIVE RELIEF

31.  Plaintiff DRMS does not have an adequate remedy at law and will be irreparably harmed if the Defendant is permitted to continue prohibiting DRMS and its agents from:

    a.  having reasonable unaccompanied access, for monitoring and investigatory purposes, to public and private areas of the detention facility at the Forrest County Juvenile Center;

    b.  interviewing youth, staff and other persons as part of its duty to monitor the facility and investigate incidents of abuse and neglect;

    c.  providing information and training on individual rights and services provided by the P & A system;

    d.  communicating privately with facility residents;

    e.  accessing facility incident reports and investigatory findings; and

    f.  accessing residents' records.

32.  In support of this Defendants rely on the following exhibits:

    Exhibit A:  Media Reports of Abuse at Forrest County Detention Center, Relevant Communications from Mississippi Department of Public Safety's Juvenile Facilities Monitoring Unit, and Photographs of the Detention Center.

    Exhibit B:  Memorandum of Cooperation between MYJP and DRMS.

    Exhibit C:  Correspondences between DRMS agents and representatives and counsel of the Detention Center.

    Exhibit D:  Agreed Orders between DRMS and Harrison and Lauderdale Counties authorizing DRMS access to youth.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court grant the following relief:

    a.  Declare that the acts and omissions of the Defendant violate the federal law;

    b.  Enter a preliminary and permanent injunction requiring the Defendant, its agents, employees and all persons acting in concert with the Defendant to cease their unconstitutional and unlawful practices;

c.  Grant injunctive relief enjoining the Defendant and its agents and employees from denying DRMS and its contracted agent immediate, full, complete, meaningful and unaccompanied access to the staff, residents, records and facilities at the Detention Center to conduct monitoring activities and abuse and neglect investigations without advance notice and at any reasonable time, including business and visiting hours, in violation of the PAIMI, PADD and PAIR Acts;

d.  Issue a declaratory judgment that the Defendant's polices, regulations, and practices of denying DRMS and its contracted agent immediate, full, complete, meaningful, and unaccompanied access to the staff, residents, records and facilities at the Detention Center to monitor and to conduct abuse and neglect investigations, without advance notice and at any reasonable time, including during business and visiting hours, violate the PAIMI, PADD and PAIR Acts;

e.  Award to the Plaintiff reasonable costs and attorney's fees; and

f.  Grant the Plaintiff such other relief as the Court deems just.

This 7th day of March, 2011

Respectfully submitted,

*/s/ Jody E. Owens II*

Jody E. Owens II MS Bar No. 102333
Poonam Juneja, MS Bar No. 103181
Corrie Cockrell, MS Bar No. 102376
Sheila A. Bedi, MS Bar No. 101652
Mississippi Youth Justice Project
A Project of the Southern Poverty Law Center
921 N. President St., Suite B
Jackson, Mississippi 39202
601-948-8882 (telephone)
601-948-8885 (fax)

>Robert B. McDuff, MS Bar No. 2532
>767 North Congress Street
>Jackson, Mississippi 39202
>601-969-0802 (telephone)
>601-969-0804 (fax)
>
>Wendy White, MS Bar No. 100409
>Disability Rights Mississippi
>5305 Executive Place
>Jackson, Mississippi 39206
>601-981-8207 (telephone)
>601-981-8313 (fax)
>
>
>Counsel for Plaintiff