IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DISABILITY RIGHTS MISSISSIPPI**                                              **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 2:11-cv-53-KS-MTP**

**FORREST COUNTY, MISSISSIPPI**                                    **DEFENDANTS**

**ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF
AND DECLARATORY RELIEF AND
<u>CROSS COMPLAINT FOR DECLARATORY JUDGMENT</u>**

COMES NOW the Defendant by and through counsel of record and for answer to the complaint [1] filed by the Plaintiff would say unto the Court the following, to-wit:

In response to the allegations of the Complaint, this Defendant answers, paragraph by paragraph, as follows:

I.

The Defendant admits in the introduction paragraph preceding paragraph 1. that video footage of the alleged action at the Juvenile Detention Center was shown on television but would deny that abusive conditions exist.

II.

The Defendant admits paragraph 1. of the Complaint but would deny that DRMS has access to any detainee of the Juvenile Detention Center other than those with developmental disability or mental illness. Defendant would assert that any attempts to exercise "their right,"

1

has been an attempt to see all juveniles detained and not just those that their mandate directs them to protect.

III.

The Defendant admits paragraph 2. of the Complaint filed herein.

IV.

The Defendant admits paragraph 3. of the Complaint filed herein.

V.

The Defendant admits paragraph 4. of the Complaint filed herein, but would deny that they have been denied total access.

VI.

The Defendant admits paragraph 5. of the Complaint filed herein.

VII.

The Defendant admits paragraph 6. of the Complaint filed herein.

VIII.

The Defendant denies paragraph 7. of the Complaint filed herein.

IX.

The Defendant denies in paragraph 8. of the Complaint filed herein that they have been denied access to those with disabilities, but would assert that Federal law provides that DRMS have access to detainees with the above described disability not access to "all" detainees.

X.

The Defendant admits paragraph 9. of the Complaint filed herein and would assert that DRMS in their own complaint stated that the PAIMI Act designates protection to individuals with developmental disability and mental illness.

XI.

The Defendant admits paragraph 10. of the Complaint that DRMS has access to records of the detainees but only those covered under the Federal Acts.

XII.

The Defendant admits paragraph 11. of the Complaint filed herein.

XIII.

The Defendant admits paragraph 12. of the Complaint filed herein but would assert that access is limited.

XIV.

The Defendant admits paragraph 13. of the Complaint filed herein.

XV.

The Defendant admits paragraph 14. of the Complaint filed herein.

XVI.

The Defendant admits paragraph 15. of the Complaint filed herein.

XVII.

The Defendant admits paragraph 16. of the Complaint filed herein.

XVIII.

The Defendant admits paragraph 17. of the Complaint filed herein only to the extent that DRMS is entitled to reasonable unaccompanied access to detainees that are delineated in the

Federal Act, not to all detainees in the Juvenile Detention Center but specifically only those with the required diagnosis of developmental disabilities or mental illness.

XIX.

The Defendant denies paragraph 18. of the Complaint filed herein.

XX.

The Defendant admits in paragraph 19. of the Complaint filed herein that DRMS is entitled to the records of detainees covered by the Federal Acts.

XXI.

The Defendant admits paragraph 20. of the Complaint filed herein.

XXII.

The Defendant denies paragraph 21. of the Complaint filed herein.

XXIII.

The Defendant denies paragraph 22. of the Complaint filed herein

XXIV.

The Defendant admits paragraph 23. of the Complaint filed herein but would assert that there are cases in other circuits where P & A is "the final arbiter of probable cause," for the purpose of investigating abuse and neglect but would assert there are no 5th Circuit cases or U. S. Supreme Court cases.

XXV.

The Defendant admits paragraph 24. of the Complaint filed herein.

XXVI.

The Defendant admits paragraph 25. of the Complaint filed herein but would assert that DRMS was denied access to only the detainees that do not qualify under the Federal Acts.

XXVII.

The Defendant admits paragraph 26. of the Complaint filed herein

XXVIII.

The Defendant admits paragraph 27. of the Complaint filed herein

XXIX.

The Defendant denies paragraph 28. of the Complaint filed herein

XXX.

The Defendant incorporates by reference all of its prior admissions, denials and assertions.

XXXI.

The Defendant denies paragraph 30. of the Complaint filed herein

XXXII.

The Defendant denies paragraph 31. of the Complaint filed herein

XXXIII.

The Defendant admits paragraph 32. of the Complaint filed herein but would deny that exhibit D has any bearing on any action in Forrest County, Mississippi.

XXXIV.

The Defendant denies the paragraph entitled PRAYER FOR RELIEF in its entirety including paragraphs a., b., c., d., e., and f. and would deny that the Plaintiff is entitled to any relief whatsoever. Defendant would further assert that it always has and is presently acting in

good faith in attempting to follow all applicable laws and that Plaintiff should not be entitled to attorney's fees and cost as a result. Defendant would further assert that the necessity for a preliminary injunction would be moot in that as soon as this honorable Court rules regarding the attached complaint for declaratory judgment complete adherence to said ruling will be complied with and no harm to DRMS and its clients.

AND NOW, having fully answered and set forth its Answer to the Plaintiff's Complaint, Defendant respectfully requests that it may be dismissed from this civil action with proper costs.

## CROSS COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Counter-Plaintiff, Forrest County, Mississippi, seeking a Declaratory Judgment of this Court regarding controversy involving specific Federal and State laws regarding the administration of the Forrest County Juvenile Detention Center operated by the Forrest County Sheriff's Department and would show unto the Court the following, to-wit:

Forrest County and the Forrest County Sheriff's Department are in full compliance with appropriate regulations but have repeatedly in the last several months come into conflict as to whether State Youth Court Statutes contradict with Federal mandates and Forrest County seeks a declaration by this Court as to which laws govern which issues to properly administer the Forrest County Juvenile Detention Center.

The matter before this Court originates from the obtaining illegally of and showing of tapes of juveniles incarcerated at the Forrest County Juvenile Detention Center. The tapes were disseminated in selected portions, whether those juveniles had been formally adjudicated delinquent at that time or not and without the consent of their parent/guardian or the Court

appointed Guardian Ad Litem as required by the State Youth Court Act. It is unquestioned that those tapes have been shown not only locally, but nationally and have created a furor over matters that occurred a number of years of ago and have been investigated and handled appropriately including termination of Detention Center staff and reprimanding of others.

Tawana Bolton had worked for the Forrest County Sheriff's Department for approximately eight years. During the course of her employment she alleged that she was passed over for promotion and thereafter became disgruntled. Bolton then stole and made copies of the alleged improper activity in the Forrest County Juvenile Center by correctional officers. At no point during her employment even though she was employed during the time of these "deplorable actions," did she find any of the actions so abominable that she chose to report them. Bolton was later fired for what is being investigated as illegal activity. Subsequently, the tapes were forwarded to the Mississippi Bureau of Investigation which halted a grant application filed by and through the Youth Court and the Forrest County Juvenile Detention Center. The Mississippi Bureau of Investigation forwarded the tapes to the Federal Bureau of Investigation who investigated the alleged incident. The Detention Center was then given verbal clearance and we has since then been awarded the grant applied for. There has been no further issue regarding abuse to date.

It is absolutely uncontroverted that Disability Rights Mississippi has authority to see certain individuals in the Forrest County Juvenile Detention Center and has never been denied access to those individuals. It is absolutely unopposed that 45 C.F.R. §51.42 Access to Facilities and Residents, and 45 C.F.R. §1386.22 Access to Records Facilities and Individuals with Development Disabilities, apply to the Forrest County Juvenile Detention Center. The

7

regulation in question 45 C.F.R. §1386.22 is specifically styled Access to Records Facilities and Individuals with Developmental Disability.  Subparagraph (f) quotes, "access to facilities and individuals with **developmental disability**.  Throughout the Section, it is replete with references to access to individuals and the records of individuals with **developmental disabilities**, not to all individuals in the facility.

      42 C.F.R. §51.42(b), a Protection and Advocacy for Individuals with Mental Illness Act (P & A) system shall have reasonable unaccompanied access to public and private facilities and programs in the state which render care or treatment for individuals with mental illness. Under 42 C. F. R. §51.42 (3)(b) the P & A system determines if there is or may be imminent danger of serious abuse or neglect of an individual with mental illness.  Finally, in 42 C. F. R. §51.42(f) a P & A system providing representation to individuals with **mental illness** in Federal facilities shall have all the rights and authority accorded other representatives of residents of such facilities pursuant to State and Federal laws.  That section is also replete with reference to individuals with **mental illness** and does not address other residents which are not covered by that statute who do not have the diagnosis of **mental illness or developmental disability**.  That is where the dispute arises.  Does Disability Rights Mississippi have access to all individuals in the facility or just those with developmental disabilities and mental illness.  No where in the regulations giving Disability Rights Mississippi access to juveniles in detention does it address or make reference to those individuals detained who do not have the above referenced diagnosis. Disability Rights Mississippi seeks through this action to expand the definitions of its service clientele beyond its enabling authority to include all detained juveniles.  Such was not the intent of the creating acts.

Disability Rights Mississippi contends that it has right to all detained juveniles without going through the Forrest County Youth Court which provides adjudication and protection for all of the juvenile detainees.

Miss. Code Ann. §43-21-255 cites as follows:

(1) Except as otherwise provided by this section, all records involving children made and retained by law enforcement officers and agencies or by the youth court prosecutor and the contents thereof shall be kept confidential and shall not be disclosed except as provided in Section 43-21-261.

Miss. Code Ann. §43-21-257, Confidentiality of agency records, also refers to Miss. Code Ann. §43-21-261 as to the procedures to be followed for access to individuals housed in the Detention Center who do not have the diagnosis as required for access by Disability Rights Mississippi.

§43-21-261(1) of Miss. Code Ann., entitled Disclosure of records in general, cites Except as otherwise provided in this section, records involving children shall not be disclosed, other than to necessary staff of the youth court, except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed, the extent of the records which may be disclosed and the purpose of the disclosure. Such court orders for disclosure shall be limited to those instances in which the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the functioning of the youth court and then only to the following persons:

(a)     The judge of another youth court or member of another youth court staff;

(b) The court of the parties in a child custody or adoption cause in another court;

(c) A judge of any other court or members of another court staff;

(d) Representatives of a public or private agency providing supervision or having custody of the child under order of the youth court;

(e) Any person engaged in a bona fide research purpose, provided that no information identifying the subject of the records shall be made available to the researcher unless it is absolutely essential to the research purpose and the

(f) The Mississippi Department of Employment Security, or its duly authorized representatives, for the purpose of a child's enrollment into the Job Corps Training Program as authorized by Title IV of the Comprehensive Employment Training Act of 1973 (29 USCS Section 923 et. Seq.). However, no records, reports, investigations, or information derived therefrom pertaining to child abuse or neglect shall be disclosed; and

(g) **To any person pursuant to a finding by a judge of the youth court of compelling circumstances affecting the health or safety of a child and that such disclosure is in the best interests of the child**.

Forrest County by and through the Forrest County Sheriff's Department always has and does now seek to follow all applicable law in good faith and protect the interest of any juvenile detainees as well as their parents or guardians. There is no clandestine attempt to cover-up anything at the Forrest County Detention Center as has been inferred by the news media and others. All juveniles housed at the Forrest County Detention Center come under the jurisdiction of the Forrest County Youth Court and as such are veiled with not only confidentiality to

themselves, but their respective parents or guardians are also cloaked with the confidentiality of the Youth Court Act. Access to individuals is not difficult through the Youth Court.

Forrest County comes to this court seeking a declaratory judgment that would enable it to fully follow the law both State and Federal in its duties to protect the interest of its juvenile detainees.

Prior to the filing of this lawsuit Forrest County requested DRMS proceed through the Youth Court seeking authority for individuals without the above stated disabilities and mental illness. Their position is that Federal law supercedes any State law regarding juveniles in detention and opted to file a Federal Court lawsuit instead. All Forrest County and Sheriff McGee seek is clarity from the court as to how to proceed lawfully and continue to do what it has always done which is protect the best interest of juveniles it is required to detain.

Based on the above in an attempt to clarify its authority Forrest County would ask of this Court a declaratory judgment as to the following issues:

(1) Does the Plaintiff have the authority to meet with juveniles without diagnosed developmental disability or mental illness?

(2) If so, must the Plaintiff identify the juveniles with whom it wishes to meet, or may it meet with any and all juveniles housed in the facility?

(3) What notice to the adjudicating youth court, if any, must Plaintiff give in connection with such meetings of undiagnosed detainees?

(4) What notice to the juvenile's parents, if any, must Plaintiff give in connection with such meetings?

(5) What notice to the detention facility staff, if any, must the Plaintiff give in order to schedule such meeting?

(6) How may Defendant confirm the identity of the Plaintiff's contractors, agents, and employees at the time of such meetings?

## CONCLUSION

Wherefore premises considered, the Defendant/Counter Plaintiff requests this Honorable Court grant the following relief:

(A) Deny the attempted expansion of clientele of Disability Rights Mississippi beyond its Congressional enabling authority or in the alternative;

(B) Clarify through declaratory judgment the above six questions to enable Forrest County by and through the Forrest County Sheriff's Department to be in full compliance with all applicable Federal and State laws as regards the administration of the Forrest County Juvenile Detention Center.

(C) Grant the Defendant/Counter Plaintiff such other relief as the Court deems just and appropriate pursuant to law.

RESPECTFULLY SUBMITTED, this the ___22nd___ day of __March__, 2011.

Respectfully submitted,

**FORREST COUNTY, MISSISSIPPI,** Defendant

BY: ___s/James K. Dukes, Jr.___
    **JAMES K. DUKES, JR.**

**BY:** ___s/David B. Miller___
    **DAVID B. MILLER**

**JAMES K. DUKES, JR.**
**ATTORNEY FOR DEFENDANTS**
**FORREST COUNTY, et al**
**MSBN 6213**
**DUKES, DUKES AND WOOD**
**POST OFFICE BOX 2055**
**HATTIESBURG, MS 39403-2055**
**(601) 544-4121**
**(601) 544-4425 (Facsimile)**
**jdukesjr@jdukeslaw.com**

**DAVID B. MILLER**
**ATTORNEY FOR FORREST**
**COUNTY BOARD OF SUPERVISORS**
**MSBN 99638**
**POST OFFICE BOX 1310**
**HATTIESBURG, MS 39403**
**(601) 545-6007**
**(601) 545-6050 (Facsimile)**
**dmiller@co.forrest.ms.us**

## **CERTIFICATE**

I, JAMES K. DUKES, JR., Attorney for the Defendant, do hereby certify that on March 22, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

> Jody E. Owens, II
> Poonam Juneja
> Corrie Cockrell
> Shelia A. Bedi
> Mississippi Youth Justice Project
> A Project of the Southern Poverty Law Center
> 921 North President Street, Suite B
> Jackson, MS 39202

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

                                          s/ James K. Dukes, Jr.
                                      **JAMES K. DUKES, JR.**