# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| DISABILITY RIGHTS MISSISSIPPI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:11cv53-KS-MTP |
| FORREST COUNTY, MISSISSIPPI, | ) |
| Defendant. | ) |

**ORDER**

On June 3, 2011, Plaintiff, Disability Rights Mississippi (hereinafter "DRMS"), filed an emergency motion to stay the enforcement of several Youth Court orders that limited DRMS's access rights to the Forrest County Juvenile Detention Center (hereinafter "Juvenile Detention Center"). DRMS sought to enjoin the Defendant and its agents from enforcing or complying with all state court orders that interfere, contradict, or conflict with the Agreed Order entered in the above captioned matter on April 12, 2011, and respectfully requested that this Court issue a stay prohibiting the future enforcement of any state court order that conflicts with an order of this Court related to the above captioned matter.

DRMS seeks to enforce its access rights to the Juvenile Detention Center pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§10801 et seq.; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§15001, et. seq.; Protection and Advocacy of Individual Rights

1

Program ("PAIR Act"), 29 U.S.C., §§794e, et. seq. (collectively "the P & A Acts"). Accordingly, it is hereby ordered that:

1. Under the PAIMI and PADD Act, the Juvenile Detention Center is a facility whose residents are entitled to the protections afforded eligible youth under the P&A Acts. 42 U.S.C. § 10802(3); 42 C.F.R. § 51.2; 45 C.F.R. § 1386.19.

2. Consistent with the purpose of the P & A Acts, DRMS is mandated to protect individuals with disabilities from abuse, neglect, and other unconstitutional practices. DRMS and/or its agents are authorized by federal law to monitor and investigate any complaints of abuse and neglect within facilities where eligible youth are confined. 42 C.F.R. § 51.42; 45 C.F.R. § 1386.22.  To ensure the protection of youth with disabilities, federal law requires that each state's P & A must be an independent system that is able to carry out its congressional mandate without interference from institutional, local, county, or state governmental entities. 42 U.S.C. § 10805; 42 U.S.C. § 15043.

3. Congress indicated a clear intent for the state P & A's access to apply regardless of state, local, or institutional policies and practices. Congress' recognition of the importance of protecting youth with disabilities would be undermined and fatally frustrated if states, localities, and institutions are permitted to enact policies that limit and restrict DRMS's access to facilities and residents.  The language of the federal regulations accompanying the PAIMI Act demonstrates the broad access rights that DRMS must have in accordance with federal law.  It states in part, "The right of access specified in paragraph (c) of this section shall apply despite the existence of any State or local laws or regulations which restrict informal access to minors and adults with legal guardians or conservators." 42 C.F.R. § 51.42(e)

4. The Juvenile Detention Center and its personnel shall allow DRMS and/or its contractor to conduct confidential visits with any eligible resident who would like to speak with DRMS and/or its contractor. The Juvenile Detention Center and its personnel will further allow DRMS to meet confidentially with any resident if DRMS has probable cause to believe that the resident has an eligible disability and is therefore eligible for DRMS services.

5. Consistent with 42 C.F.R. § 51.42(b) and 45 C.F.R. § 1386.22(f) and the prerequisites therein, the Juvenile Detention Center and its personnel will allow DRMS and/or its contractor to confidentially interview any eligible resident and the opportunity to interview any resident or staff member who may be reasonably believed to have knowledge of alleged abuse or neglect of any eligible resident.

6. All provisions of the Agreed Order entered by this Court on April 12, 2011 apply to every youth in the custody of the Juvenile Detention Center regardless of the county Youth Court that ordered his detention.

7. The Defendant is hereby enjoined from complying with all state court orders that interfere with, contradict, or conflict with the Agreed Order entered in the above captioned matter on April 12, 2011 and are hereby enjoined from enforcement of same. Such orders include, but are not limited to, state court orders that require prior notice to a youth's public defender before DRMS can interview youth, the required presence of the public defender at DRMS's confidential interview, and any other mandated involvement of the public defender in DRMS's monitoring and investigative activities.

8. However, most if not all residents of the Forrest County Juvenile Detention Center have attorneys representing them on their delinquency or criminal petition or complaint. The DRMS representatives or personnel are ordered not to discuss the details or facts of the

delinquency or criminal charge with the residents unless the attorney representing the resident is present or has been given reasonable opportunity to be present.

SO ORDERED this 13th day of June, 2011.

                                                      *s/ Keith Starrett*
                                       UNITED STATES DISTRICT JUDGE